ACKERMAN-JOHNSON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9265. Promulgated April 25, 1928.

*Frank Carlton, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

822

OPINION.

Love: In this proceeding deficiencies were determined for the years 1920 and 1922, and a net loss determined for 1921.

The Board has no jurisdiction over the determination for 1921, except in so far as such determination may affect the deficiency for 1922.

Petitioner claims a value of its patent, when acquired, of $15,000 (in its petition the value is placed as $15,150.10). The Commissioner valued the patent in his computation of the deficiency, both for invested capital purposes and exhaustion, at $10,000. The rate of depreciation is not in dispute. At the hearing the respondent alleged that error had been committed by him in the valuation of the patent; that in fact it had no value and should not have been given any value in his computations of tax liability; he also denied that the machine had any value and moved for a decision increasing the deficiency.

By reason of the fact that petitioner paid for the assets acquired by it with its stock, its entire issue, and by reason of the fact that no evidence was presented of the value, in money, of any separate item of such assets or as a whole, our only recourse to ascertain the value of such assets is to determine the cash value of such stock. At the date of issuance of the stock it was all issued to the three individuals who did own and who assigned to the corporation those assets. There was at that time no test made of the market value

of that stock, as none of it was offered for sale. Very soon thereafter (and there is nothing in the record to indicate that any change had taken place) 50 shares of that stock were returned to the treasury for the purpose of sale for cash, and 47 shares were sold to the public at par. For the purpose of this discussion we shall treat the situation as though all of the 50 shares had been sold at par. Petitioner urges that the sale of that stock at par proves that the original issue was worth par. The fallacy of that proposition becomes apparent, when we realize the fact that after the original issue, the corporation possessed only the assets conveyed to it by the three promoters. After that stock was sold to the public, the corporation possessed all those same assets plus $5,000 in cash with no greater amount of stock outstanding. The purchasers of that stock certainly had that fact in mind. The 50 shares so offered to the public was one-fifth of the entire issue, hence the value of the original issue was only 80 per cent of par.

While the respondent has denied that the machine had any value, he did admit that it cost $8,300. We have found nothing in the record to indicate that the value of that machine was less than cost.

There is no controversy over the value, as shown by the books, of the other items of assets. As the total value of all those assets, as indicated by the sale of stock, was 80 per cent of the par value of stock, the 20 per cent difference must be allocated to the patent, and instead of its value being $15,000 as shown upon the books, we find its value to have been $10,000 at date of acquisition.

For invested capital purposes, the Commissioner, for 1920, used a valuation on machinery and equipment (including the machine above referred to) of $8,583.85, and allowed depreciation on that value at 25 per cent rate.

The 1919 computation is not before us. Counsel for petitioner states in his brief that 25 per cent exhaustion was taken in 1919. Up to January 1, 1919, the machine had been in use approximately 3½ years. If 10 per cent depreciation was taken prior to 1919, and 25 per cent was taken in that year, then very little more than 25 per cent remained to be taken in 1920. Moreover, the record, together with statements made by counsel for petitioner, indicate that 25 per cent exhaustion was taken on a valuation of more than $8,300 for 1919 and 1920. In view of that situation, it may be that the whole allowable amount of exhaustion on that machine has been allowed.

The value of the patent at date of acquisition was $10,000. The value of the machine at date of acquisition was $8,300. Up to January 1, 1919, the rate of depreciation on the machine is not disclosed by evidence. The depreciated value of the machine on January 1, 1920, should be allowed as obsolescence in 1920.

The rate of exhaustion on the patent is not in dispute. In the event a recomputation based on this opinion should result in an increase of deficency, then the motion of the respondent is granted; otherwise the same is overruled.

*Judgment will be entered on 15 days' notice, under Rule 50.*